```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x
                                    x    05 Cr. 48-01 (SWK)
        Plaintiff,                  x
                                    x
            -against-               x    MEMORANDUM OPINION
                                    x
MARK A. BAILIN,                     x
                                    x
        Defendant.                  x
------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

In 2005, defendant Mark A. Bailin ("Bailin") pled guilty to insider trading, perjury, conspiracy to falsify books, records, and accounts, and conspiracy to obstruct justice. In light of Bailin's extensive cooperation with law enforcement officials and the Government's motion for a downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines, the Court sentenced Bailin on May 2, 2007, to two years' probation on each count, to run concurrently, a special assessment of $500, and a fine of $10,000. 05 Cr. 48-01 (SWK), Dkt. No. 22.

Bailin now moves the Court to terminate the remaining months of his probation. In his motion, Bailin reports that he has paid the imposed fine and special assessment (Def.'s Mot. 1 and Ex. 2), has complied with the terms of his probation (Def.'s Mot. 1 and Ex. 3), and poses little risk of future misconduct (Def.'s Mot. 2.) Neither the United States Probation Office nor the United States Attorney's Office objects to his request.

(Def.'s Mot., Ex. 3; Government's Letter 1, Sept. 15, 2008). For the following reasons, Bailin's request for early termination of his probation is denied.

The Court may terminate a term of probation if, after considering the factors set forth in 18 U.S.C. § 3553(a), it concludes that "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).[1] Early termination "is warranted only 'occasionally,' when 'changed circumstances--for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" United States v. Weintraub, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

Full compliance with the terms of probation, though laudable, does not constitute the type of exceptional behavior entitling a defendant to early termination. See, e.g., United States v. Gentile, 04 Cr. 287 (AHN), 2007 WL 2009779, at *1 (D.

---

[1] Federal Rule of Criminal Procedure 32.1 generally requires courts to hold a hearing before modifying the conditions of probation. In this case, however, because the relief sought is favorable to Bailin and does not extend his term of probation, and because the Government does not object to his request, the Court concludes that, pursuant to the exception enumerated in Rule 32.1(c)(2)(B)-(C), no hearing is required before it rules on Bailin's motion.

Conn. July 5, 2007); United States v. Gerritson, 01 Cr. 1081 (JCF), 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004); United States v. Herrera, 94 Cr. 1021 (RWS), 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998); but see United States v. Cassiliano, 85 Cr. 17 (RO), 1990 WL 170487, at *1 (S.D.N.Y. Nov. 1, 1990) (granting unopposed motion for early termination). Nor has Bailin identified any problems associated with completion of his full term of probation. Cf. United States v. Schuster, 01 Cr. 67 (TPG), 2002 WL 31098493, at *1 (S.D.N.Y. Sept. 19, 2002) (granting request for early termination on ground that such action could assist defendant in obtaining productive employment); Herrera, 1998 WL 684471, at *2 (denying request for early termination and noting that defendant "makes no claim that the continuation of the last few months of his term of probation will in any manner hinder his ability to pursue his livelihood or to meet his business or personal obligations").

Bailin committed several grave offenses. The Court considered his first-time offender status and satisfactory pretrial-release behavior when imposing his original, non-custodial sentence. The Court's sentence of two years' probation promotes the sentencing objectives of punishment and deterrence by reflecting the seriousness of his offenses, promoting respect for the law, providing just punishment, and offering adequate deterrence to future criminal conduct. Although Bailin's

continued compliance with the terms of his probation is commendable, he has presented no evidence of any exceptional circumstances justifying termination of his remaining months of probation. Accordingly, Bailin's motion for early termination of probation is hereby denied.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          September 17, 2008

continued compliance with the terms of his probation is
commendable, he has presented no evidence of any exceptional
circumstances justifying termination of his remaining months of
probation. Accordingly, Bailin's motion for early termination of
probation is hereby denied.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         September 18, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/08